MOFFATT v. MONTGOMERY, *Appellant.*

**Contested Election**: NOTICE OF CONTEST: BLANK BALLOTS. When an election is contested on the ground that blank ballots have been counted in favor of the contestee, the notice of contest need not state the names of the voters who cast the blanks. Wag. Stat., sec. 54, p. 573, requiring the names of all voters objected to, to be stated in the notice, does not apply, since the objection is not to the voters, but to the action of the officers of election in counting blanks as votes.

*Appeal from McDonald Circuit Court*—HON. JOSEPH CRAVENS, Judge.

*C. W. Thrasher* and *H. C. Young* for appellant.

*George Hubbert* and *E. L. Edwards & Son* for respondent.

NORTON, J.—The principal question presented in this case is, as to the sufficiency of the notice contesting the election of defendant to the office of collector of McDonald county, at the general election held in that county in November, 1876. The point raised as to the timeliness of the notice and its proper service is not well taken. The notice was given in conformity to the following statutory provisions, Wag. Stat., sec. 17, p. 442; Wag. Stat., sections 50, 52, 54, 57, p. 573; Wag. Stat., sec. 25, p. 569.

It is claimed, however, by defendant, that it is defective and insufficient because it does not specify the name of any voter objected to, or the name of any voters whose votes are objected to by contestant, or any objection to any specified voter; and because it does not designate the specific grounds upon which plaintiff relies in his said contest. Wag. Stat., sec. 54, p. 573, requires that the party contesting an election, shall specify in the notice of contest "the grounds upon which he relies, the name of all voters objected to, with the objections." It will be observed by reference to the notice that no voter is objected to, and under the statute it is only necessary to give the name of the voter with the objections to his vote, when such voter is objected to. If other grounds of contest exist than may be founded on an objection to a voter, such ground must be stated. We think the notice in question does this in unmistakable language. It is alleged therein that in the election district or township of Buffalo, fifteen ballots were falsely and fraudulently counted and certified by the election officers, and counted by the canvassers for the defendant, which had not been cast for him, but which as to him and said office were blank; that in Richmond district seventy-five ballots were falsely and fraudulently counted and certified by the election officers, and counted by the canvassers for defendant, when in fact,

said ballots were not so cast and voted for defendant, but as to said office and the name of defendant as a person designated to fill the same, were wholly and utterly blank, that the rejection of these ballots from the count would elect plaintiff to said office by a majority of 80 votes.

The ground of contest is not based upon an objection to any vote actually cast, or any voter casting a vote, but upon the facts that votes not cast were counted, and that blank ballots and not votes were returned and canvassed for defendant; hence it was wholly unnecessary to give the name of any voter. In trying this issue what purpose could have been served by giving the names of the voters casting these blank ballots? They would not have been allowed to testify at the trial and make that a vote which was not a vote when cast. Upon a re-count in the trial court of the ballots from said township of Richmond and Buffalo, it was shown that in the former defendant did not receive any votes, and in the latter only twenty-two instead of thirty-nine, thus electing plaintiff by a majority of seventy-three votes. The judgment being for the right party, and no error being perceived, it will be affirmed. All the other judges concur.

AFFIRMED.